******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRITZGERALD DIEUDONNE *v.* COMMISSIONER
OF CORRECTION
(SC 19140)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.

Argued January 8—officially released April 21, 2015

*Michael Proto*, assistant state's attorney, with whom
were *Tamara Grosso*, assistant state's attorney, and,
on the brief, *David I. Cohen*, state's attorney, for the
appellant (respondent).

*Damon A. R. Kirschbaum*, for the appellee (petitioner).

*Opinion*

PER CURIAM. The petitioner, Fritzgerald Dieudonne, was convicted of assaulting a police officer who had attempted to restrain and arrest him. He filed a petition for a writ of habeas corpus, claiming that his trial counsel was ineffective in failing to present the testimony of Jessie Boiteux, a purported eyewitness to the incident. Boiteux testified at the habeas proceeding and corroborated the petitioner's version of events, testifying that the petitioner did not assault the officer or resist arrest. The habeas court granted the petition, concluding that both prongs of the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), were satisfied. The respondent, the Commissioner of Correction, appealed from the habeas court's judgment, claiming that the habeas court, in determining that the prejudice prong of the *Strickland* test had been satisfied, failed to apply the correct legal standard and failed to properly weigh the totality of the evidence presented at the petitioner's habeas and criminal trials. To prove prejudice under *Strickland*, the petitioner was required to demonstrate that there was a reasonable probability that the jury would have credited Boiteux' testimony if it had been presented at the criminal trial and that, in light of his testimony, there was a reasonable probability that the outcome of that trial would have been different. See id., 694–96. The Appellate Court affirmed the judgment of the habeas court upon concluding that the habeas court applied the correct legal standard and properly considered the evidence in analyzing the *Strickland* prejudice prong. *Dieudonne* v. *Commissioner of Correction*, 141 Conn. App. 151, 163, 60 A.3d 385 (2013). The respondent then filed a petition for certification to appeal, which we granted, limited to the following question: "Did the Appellate Court properly apply the standards set forth in [*Strickland*] with regard to burden of proof and weighing of the evidence?" *Dieudonne* v. *Commissioner of Correction*, 308 Conn. 940, 66 A.3d 882 (2013).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.